UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO QUIAHUA-SALAS,<br><br>                                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S.<br>Department of Homeland Security; et al.,<br><br>                                    Respondents. | Case No.:  25-cv-3165-BJC-KSC<br><br>**ORDER GRANTING<br>WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Gonzalo Quiahua-Salas' ("Petitioner") Motion for Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Respondents filed a response, ECF No. 5, and Petitioner filed a traverse. ECF No. 6. For the reasons set forth below, the Petition is **GRANTED.**

## I.    BACKGROUND

Petitioner is a citizen and national of Mexico who entered the United States without inspection in or about 2003 and has resided in the United States since that time.  ECF No. 1 at 6.  On August 4, 2025, Petitioner was arrested by immigration officers near his home while driving his work van after purchasing supplies at a paint store.  *Id.* at 7.  He was served with a Notice to Appear and charged with inadmissibility under 8 U.S.C. §§

25-cv-3165-BJC-KSC

1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I).  ECF No. 5 at 2.  Removal proceedings were initiated under 8 U.S.C. § 1229a before the Annandale Immigration Court in Virginia.  *Id.*

On August 28, 2025, Immigration Judge Jamie Perry, presiding at the Annandale Immigration Court, conducted a bond redetermination hearing.  ECF No. 1 at 7.  The Department of Homeland Security (DHS) argued that the court lacked jurisdiction, asserting that Petitioner was an "applicant for admission" detained pursuant to 8 U.S.C. § 1225(b)(2).  *Id.*  Petitioner argued that his detention arose under 8 U.S.C. § 1226(a) because he was arrested in the interior of the United States rather than at the border.  *Id.*  After reviewing the record and hearing argument, the Immigration Judge determined that Petitioner had been arrested in the interior and concluded that jurisdiction properly lay under 8 U.S.C. § 1226(a).  *Id.*  The court granted Petitioner's release on a $2,000 bond with electronic monitoring.  *Id.*  DHS reserved its right to appeal and, on August 28, 2025, filed Form EOIR-43, Notice of Service Intent to Appeal Custody Redetermination,  invoking the automatic stay provision of 8 C.F.R. § 1003.19(i)(2).  ECF No. 5 at 2.  Petitioner was subsequently transferred to ICE custody at the Otay Mesa Detention Center in Calexico, California, where he has remained detained.  ECF No. 1 at 7.

On September 5, 2025, the Board of Immigration Appeals issued its precedential decision in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), holding that noncitizens who entered without inspection are "applicants for admission" under INA § 235.  The decision eliminated jurisdiction over custody redeterminations by immigration judges for such individuals.  *Id.*

On September 10, 2025, DHS appealed the August 28, 2025, bond decision.  ECF No. 5 at 3.  On September 30, 2025, Immigration Judge Karen Donoso Stevens issued a written Bond Memorandum and Order explaining the legal basis for the August 28, 2025, bond ruling that released Petitioner on a $2,000 bond.  ECF No. 1 at 7–8.  The court noted that the bond decision was issued prior to *Matter of Yajure-Hurtado* and reflected the state of the law at the time of the custody hearing.  *Id.*

On November 16, 2025, Petitioner filed a petition for a writ of habeas corpus,

2

25-cv-3165-BJC-KSC

asserting that this Court has proper jurisdiction over the petition and that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a).  ECF No. 1.  On November 25, 2025, Respondents filed their response, contending that this Court lacks jurisdiction under 8 U.S.C. §§ 1252(g) and 1252(b)(9), and asserting that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225.  ECF No. 5.  After reviewing the relevant documents, the Court finds that it has jurisdiction over this matter.  The Court further concludes that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225.

## II.   LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.").  Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## III.   DISCUSSION

### A.   Jurisdiction

Respondents argue judicial review of claims arising from detention are barred under 8 U.S.C § 1252(g).  Respondents also argue 8 U.S.C. § 1252(b)(9) divests the court of jurisdiction to hear Petitioner's challenge to detain him, which arose from the decision to commence removal proceedings.

1. Section 1252(g)

Congress explicitly divested courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or

3

25-cv-3165-BJC-KSC

execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)). It is a "discretion-protecting provision" and does not divest courts of jurisdiction to hear legal challenges that do not implicate the Attorney General's discretionary authority. *Id.* (citing *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004)). Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner challenges Respondents' policy of treating noncitizens present in the United States as applicants for admission under § 1225(b)(2)(A) as unconstitutional and in violation of applicable statutes. ECF No. 1 ¶ 45. Challenges to detention without bond is generally collateral to, and does not arise from, the decision to commence and adjudicate proceedings or execute removal orders. *See D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025). Accordingly, § 1252(g) does not divest the Court of jurisdiction.

### 2. Section 1252(b)(9)

Section 1252(b)(9) reads, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Supreme Court precedent demonstrates "decisions to deny bond hearings fall outside the purview of § 1252(b)(9)'s jurisdictional bar." *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, at *3 (S.D. Cal. Sept. 3, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 402 (2019)).

Petitioner's challenge to his detention without bond pursuant to DHS policy of treating all noncitizens as applicants for admission under § 1225(b)(2)(A) does not

challenge the decision to detain him or seek removal.  *See Nielsen*, 586 U.S. at 402. Because the Court's review addresses Petitioner's challenge to the constitutionality of his detention and not any decision to detain or remove Petitioner, § 1252(b)(9) does not divest the Court of jurisdiction over the petition.

### B.        <u>Mandatory or Discretionary Detention</u>

Petitioner contends courts have consistently held that § 1226 governs detention of noncitizens, like him, that are already in the United States.  ECF No. 6 at 1-2.  He maintains there is no statutory authority to detain him under § 1225 and doing so violates his due process rights.  *Id.*  Respondents argue the plain language of § 1225 requires the mandatory detention of Petitioner as an applicant for admission, and the plain language of the statute does not render § 1226(a) or § 1226(c) superfluous.  ECF No. 5 at 12.

The parties' dispute centers around statutory interpretation.  Respondents detained Petitioner under § 1225(b), as an "applicant for admission" subject to mandatory detention. Petitioner argues, as a noncitizen continuously residing in the United States for over twenty years, he is subject to § 1226(a) not § 1225(b).  Statutory interpretation "begins with the plain language of the statute."  *Jimenez v. Quarterman*, 555 U.S. 113, 118, (2009). Pursuant to § 1225(b), "in the case of an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).  The plain text requires the "applicant for admission" be "seeking admission."  "[S]eeking admission" requires an affirmative act such as entering the United States or applying for status."  *Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025).  Interpreting the statute, as Respondents suggest, to only require the noncitizen be an applicant for admission, as one present in the United States who has not been admitted, "ignores the other language that also requires them to be 'seeking admission' and for the examining officer to determine they are not clearly and beyond a doubt entitled to be admitted." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *5 (S.D. Cal. Nov. 4,

25-cv-3165-BJC-KSC

2025).  The rule against surplusage prohibits this Court from interpreting the statute in a way that would make "seeking admission" meaningless.  *See League of California Cities v. Fed. Commc'ns Comm'n*, 118 F.4th 995, 1019 (9th Cir. 2024).

Additionally, Respondents' interpretation makes a recent amendment to § 1226(c) superfluous.  The Laken Riley Act added a subsection to § 1226(c)(1), which denied bond or parole to any noncitizen who is (1) inadmissible under § 1182(a)(6)(A), (6)(C), or (7) as a noncitizen "present without admission or parole," or without valid entry documents, or who used fraud or misrepresentation to obtain entry documents, and (2) charged with, arrested for, or convicted of certain crimes.  Laken Riley Act, Pub. L. No. 119-1, 139 Stat 3 (2025)).  There is no need for an amendment denying bond or parole to those inadmissible noncitizens if all noncitizens present without admission are already subject to mandatory detention under § 1225(b)(2).

This interpretation is supported by Supreme Court interpretation of the pertinent immigration regulations.  *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838, 200 L. Ed. 2d 122 (2018) ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c).").  Additionally, most courts addressing the issue have disagreed with Respondents' interpretation.[1]

There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission."  Accordingly, § 1225 does not apply to Petitioner. Rather, Petitioner is subject to § 1226(a).  "[A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C § 1226(a).  Pending the decision on whether to remove the alien, the Attorney General may

---

[1] *Martinez Lopez v. LaRose*, No. 25-CV-2717-JES-AHG, 2025 WL 3030457, at *4 (S.D. Cal. Oct. 30, 2025) (listing cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) (listing cases).

25-cv-3165-BJC-KSC

continue to detain the individual or release him on bond or conditional parole. *Id.* Detaining Petitioner pursuant to § 1225 despite the immigration judge's bond order on September 30, 2025, violates his due process rights.

### C.    Conclusion

For the foregoing reasons, the Court concludes that it has jurisdiction to consider Petitioner's claims and that Petitioner's continued detention under 8 U.S.C. § 1225 is not supported by the plain language of the statute, relevant precedent, or the structure of the Immigration and Nationality Act. Because Petitioner has not engaged in any conduct constituting "seeking admission," he is not subject to mandatory detention under § 1225(b). Instead, his detention is governed by § 1226(a), which permits release on bond or conditional parole. Respondents' continued detention violates his due process rights. Accordingly, habeas relief is warranted to the extent necessary to remedy Petitioner's unlawful detention.

### IV.    ORDERS

Based on the foregoing, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner on the conditions ordered by the immigration judge on August 28, 2025, if Petitioner posts the ordered bond. The hearing set for December 18, 2025, is **VACATED**.

**IT IS SO ORDERED.**

Dated:  December 16, 2025

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-3165-BJC-KSC